UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61074-BLOOM/Valle

CARLOS BAEZ and WAYNE MICHAEL OHLINGER,

    Plaintiffs,

v.

LIGHTNING AUTO RECOVERY, INC, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon the Plaintiffs' Motion for Approval of Parties' Settlement and Dismissal with Prejudice (the "Motion for Settlement Approval"), ECF No. [46], and Motion for Default Judgment ("Motion for Default"), ECF No. [47]. The Court has carefully considered the motions, the settlement agreements, the record, and applicable law. For the reasons that follow both motions are denied.

    **I.**    **Motion for Settlement Approval**

Plaintiffs have reached a settlement agreement with Defendants Brian Suarez and Avanti Thompson of this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and seek the Court's approval of the Settlement Agreements (the "Agreements"), ECF No. [46-1] and [46-2]. The Court has the responsibility of approving settlement agreements for cases arising under the FLSA if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Case No. 18-cv-61074-BLOOM/Valle

Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for."); *Lynn's Food Stores*, 679 F.2d at 1352-53; *Hogan v. Allstate Beverage Co. Inc.*, 2011 WL 3568818, at *6 (M.D. Ala. Aug. 15, 2011). Therefore, parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

Under the terms of the Agreements, the parties have agreed to a settlement whereby Defendants will pay each Plaintiff a singular amount. *See* ECF Nos. [46-1] and [46-2]. The Agreements, however, do not indicate what portion of the settlement amount constitutes compensation for unpaid wages, and which amount constitutes liquidated damages. Regarding the amount corresponding to unpaid wages, under 29 U.S.C. § 216(b), Plaintiffs are entitled to an equal amount — an *additional* amount — in liquidated damages. Because the parties fail to indicate whether the Plaintiffs have received an additional, equal amount for liquidated damages, the Agreements must be rejected. Further, the Agreement relating to Defendant Thompson, does not even indicate what amount of the settlement amount is attributable to each of the Plaintiffs, instead just stating that a singular amount will be paid to both Plaintiffs. *See Generally*, ECF No. [46-1].

Case No. 18-cv-61074-BLOOM/Valle

## II.     MOTION FOR DEFAULT JUDGMENT

Plaintiffs filed their Motion for Default Judgment on February 12, 2019, ECF No. [47]. In the Motion, ECF No. [47], Plaintiffs seek the entry of default final judgment against Defendants Lazaro Acosta and Defendant Lightning Auto Recovery, Inc.  Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default...").

Here, upon review of Plaintiffs' pleading and the Motion for Default Judgment, there is not a sufficient basis in the pleadings for a default judgment to be entered in favor of Plaintiffs and against Defendants Acosta and Lightning Auto Recovery, Inc.  After a review of the Complaint, it is apparent that the allegations are not well pleaded.  Plaintiffs filed their Complaint against four Defendants, Defendant Lightning Auto Recovery, Inc. and three of the Defendant Company's managers.  *See* ECF No. [1], at 6.  The Complaint asserts two unpaid wage claims on behalf of Plaintiffs Baez and Ohlinger in the amounts of $9,384.62 and $5,798.18 respectively.  *See* ECF Nos. [1-3] and [1-4].  The Complaint, however, fails to delineate the amount of liability that it alleges is borne by each Defendant and damages owed.  Because of the deficiencies in the

3

Case No. 18-cv-61074-BLOOM/Valle

Complaint, it is impossible for the Court to determine the amount of liability or resulting damages that should appropriately be assessed for the purposes of a default judgment against Defendants Acosta and Lightning Auto Recovery, Inc. The Court also notes that Plaintiffs have settled their claims with two of the Defendants, Defendants Thompson and Suarez. In the settlement agreement relating to Defendant Thompson, it states that the Plaintiffs will receive $1,600.00, in return for a full mutual release of all claims in the above-styled action. *See* ECF No. [46-1]. In the settlement agreement relating to Defendant Suarez, it states that the Plaintiffs will receive $3,575.00, in return for a full mutual release of all claims in the above-styled action. *See* ECF No. [46-2]. Based on a review of the Agreements and the allegations of the Complaint, it is impossible to determine which claims remain unresolved. Further, the Court notes that Plaintiffs' Motion for Default Judgment improperly attempts to recover on the full amount of Plaintiffs' claims as initially pleaded in the Complaint. As a result of the Agreements, Plaintiffs concede they have already settled an unknown portion of their claims. By moving for default for the full claim amounts in their Motion for default Judgment, Plaintiffs are attempting to recover more than the value of their original claims. Accordingly, the Court denies Plaintiffs' Motion for Default without prejudice, and requires the Plaintiffs to refile the Motion with a supporting affidavit delineating the liability, if any remains to be resolved, as to each Defendant in this case no later than March 1, 2019.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Settlement Approval, **ECF No. [46]** is **DENIED**.
2. The Plaintiffs must submit settlement agreements that conform with the FLSA **no later than February 26, 2019**.
3. The Motion for Default Judgment, **ECF No. [47]**, is **DENIED WITHOUT**

4

Case No. 18-cv-61074-BLOOM/Valle

**PREJUDICE**.

4. Plaintiffs shall refile a Motion for Default Judgment and supporting affidavit **no later than March 1, 2019**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lazaro Acosta
775 NW 5th Avenue
Fort Lauderdale, FL 33311

Lightning Auto Recovery, Inc.
c/o Ben Financial Services, Inc., Registered Agent
10500 NW 26 Street, Suite A-101
Doral, FL 33172

Lightning Auto Recovery, Inc.
775 NW 5th Avenue
Fort Lauderdale, FL 33311