UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61074-BLOOM/Valle

CARLOS BAEZ, *et al.*,

    Plaintiff,
v.

LIGHTNING AUTO RECOVERY, INC., et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Renewed Motion for Approval of Parties' Settlement and Dismissal with Prejudice ("Renewed Motion"). *See* ECF No. [49]. The Court has carefully reviewed the record, the Motion, the settlement agreement relating to Defendant Avanti Thompson (the "Thompson Agreement"), ECF Nos. [46-1] and the settlement agreement relating to Defendant Brian Suarez (the "Suarez Agreement") [46-2] (collectively referred to as the "Settlement Agreements"), and is otherwise fully advised. For the reasons that follow, the Renewed Motion is denied.

The Court has the responsibility of approving settlement agreements for cases arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court previously denied Plaintiffs' Motion for Approval of Parties' Settlement and Dismissal with Prejudice on February 11, 2019, ECF No. [46] on February 19, 2019. ECF No. [48]. The Court denied Plaintiffs' motion due to the fact that the Settlement Agreements failed "indicate what portion of the settlement amount constitutes compensation for unpaid wages, and which amount constitutes liquidated damages." ECF No.

[48], 2.  Plaintiffs have now filed their Renewed Motion. ECF No. [49].  In the Renewed Motion, Plaintiffs make the following representations: "[o]ut of the settlements, half of what each Plaintiff is receiving is unpaid wages and the other half is liquidated damages. Regarding the settlement agreement filed at DE 46-1, the entirety of that amount is allocated as attorney's fees and costs."  ECF No. [49], at 1.  Upon review of the Settlement Agreements, however, the Court finds that ambiguity remains as to the amounts each Plaintiff shall be receiving, or the total amount being allocated for attorney's fees.  Thus, the Court will not approve the Settlement Agreements at this time.  The representations in the Renewed Motion and the language of the Settlement Agreements are not consistent with one another.  Therefore, the Court requires further clarification before it can approve the Settlement Agreements between the parties.

For example, the Thompson Agreement states as follows: "Thompson agrees to pay *Plaintiffs* and their attorney, a total of One Thousand Six Hundred Dollars."  ECF No. [46-1], at 1 (emphasis added).  In the Renewed Motion, however, Plaintiffs state that "the entirety of that amount [in the Thompson Agreement] is allocated as attorney's fees and costs."  ECF No. [49], at 1.  It would appear that the Thompson Agreement initially contemplated compensation for both the Plaintiffs and Plaintiffs' counsel.  Based on the representations in the Renewed Motion, however, the Plaintiffs seem to represent that the entirety of that amount will now be paid solely to Plaintiffs' attorney.  Further, the language of the Suarez Agreement also provides for an amount to be paid for attorneys' fees and costs.  *See* ECF No. [46-2] ("Plaintiffs' counsel shall receive One Thousand Five Hundred and No Cents ($1,500.00) allocated as fees and costs under this agreement.").  The Court is uncertain if this amount is in addition to the amount contemplated in the Thompson Agreement.  The Suarez Agreement further states that "[e]ach Plaintiff shall receive Seven Hundred Dollars and no Cents ($750.00)"  *Id.* Based on the

Case No. 18-cv-61074-BLOOM/Valle

representations in the Renewed Motion, the Court understands that each Plaintiff shall receive $750.00 (representing equal parts of unpaid wages and liquidated damages) and that Plaintiffs' counsel shall receive a total of $3,100.00 for attorneys' fees and costs.

In the Renewed Motion, Plaintiffs also state that "Defendant Thompson has already defaulted on the terms of the settlement agreement." ECF No. [49], at 1. Plaintiffs further claim that they do not believe that Defendants Avanti Thompson or Brian Suarez would execute a new settlement agreement. *Id.* Based on this representation, Plaintiffs may either (1) re-execute new settlement agreements between the parties, which adequately specify the settlement amounts per Plaintiff and detail the total amount being allocated for attorneys' fees and costs; or (2) file a supplement to the Renewed Motion clarifying the total amounts specifically being paid to each Plaintiff and the total amount being allocated for attorneys' fees and costs.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Approval of Parties' Settlement and Dismissal with Prejudice, **ECF No. [49]**, is **DENIED**.

2. Plaintiffs shall file re-executed settlement agreements **or** a supplement to the Renewed Motion **no later than March 11, 2019**.

**DONE AND ORDERED** in Miami, Florida this 4th day of March, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3